## KELLY, sheriff, &c. vs. BREUSING.

32b 601
s33b 123
48ad520

A complaint stated that the plaintiff was sheriff, &c.; that on, &c., he received a warrant of attachment, duly issued out of the supreme court, and to him directed, in an action against S., whereby he was directed to attach and keep all the property of S. in his county; that the defendant then had in his possession $300 belonging to S.; that on, &c., the plaintiff made due service of said warrant on the defendant, by delivering to, and leaving with him a copy, with a notice showing the property levied on; whereupon the plaintiff became entitled to receive from the defendant, and he became answerable to the plaintiff for said $300, which he refused to pay over to the plaintiff, or to account to him for, to his damage $400. *Held*, on demurrer, that the statement, as to the official character of the plaintiff, was sufficient to show his capacity to maintain the action.

*Held, also*, that the complaint was sufficient in form, in other respects, and that the plaintiff was entitled to judgment on the demurrer.

DEMURRER to complaint. The complaint states that the plaintiff is sheriff of the city and county of New York; that in April, 1860, he received a warrant of attachment, duly issued out of this court, and to him directed, in an action against Hermann Schmidt, whereby he was directed to attach and keep all the property of Schmidt, in his county. That the defendant then had in his possession $300, belonging to Schmidt. That on 9th April, 1860, the plaintiff made due service of said warrant on defendant, by delivering to and leaving with him a copy, with a notice showing the property levied on; whereupon the plaintiff became entitled to receive from the defendant, and he became answerable to the plaintiff for said $300, which the defendant refuses to pay over to the plaintiff or to account to him for, to his damage $400, for which sum he demands judgment. The defendant demurred, and assigned for causes of demurrer: 1. That the plaintiff has not legal capacity to sue. 2. That the complaint does not state facts sufficient to constitute a cause of action.

*Arthur & Gardiner*, for the plaintiff.

*B. Roelker*, for the defendant.

Kelly *v.* Breusing.

BONNEY, J. The plaintiff states that he is sheriff of the city and county of New York, duly elected, qualified and acting, and that statement is clearly sufficient to show his capacity to maintain any action which such sheriff is authorized to bring. He is here acting in his official capacity as sheriff, and not as an officer of the court, or as deriving his authority to execute the warrant from any appointment, order or judgment of the court. The question in the case is, has he stated facts sufficient to constitute a cause of action ?

The code (§ 227 to 231) prescribes the form of a warrant of attachment, and under what circumstances, how and by whom it may be issued, and § 232 to 236 make provision for its execution. It is made the duty of the sheriff, *" to whom such warrant of attachment is directed and delivered,"* to attach all the real and personal estate of the debtor, *including money and bank notes,* and to take into his custody the books, vouchers and papers relating to the property, debts, &c. of such debtor, and safely keep the same. Any individual holding any property for the benefit of, or owing any debt to such debtor, is required, on application of the sheriff, to furnish him a certificate thereof ; and any debts or other property incapable of manual delivery may be attached by leaving a certified copy of the warrant of attachment with the debtor or individual holding such property, with a notice showing the property levied on. And the sheriff *" shall, subject to the direction of the court or judge, collect and receive into his possession, all debts, credits and effects of the defendant.* The sheriff may also take such legal proceedings, either in his own name or in the name of such defendant, as may be necessary for that purpose, and discontinue the same at such time and on such terms as the court or judge may direct."

And under § 238, the actions authorized to be brought by the sheriff may be prosecuted by the plaintiff, (in the attachment suit,) or under his direction, upon his indemnifying the sheriff against damages, &c.

Kelly *v.* Breusing.

For all acts which the sheriff is directed or authorized to perform the warrant of attachment is his sole and sufficient authority. On receiving such warrant he *must attach* the property of the defendant, and *may bring any action* necessary to obtain possession of such property. The objection by the defendant's counsel that the complaint does not show how and under what circumstances the warrant in this case was obtained, is not well taken.

Another objection pressed by the defendant's counsel, on the argument, was that the complaint did not state how the alleged indebtedness of the defendant to the debtor Schmidt arose; to which it is answered that the complaint does not state any such indebtedness at all, but alleges that the defendant had in his possession money to the amount of $300, or thereabouts, belonging to Schmidt. If the statement had been that the defendant had a horse worth $300, belonging to Schmidt, the statement would, I presume, have been deemed sufficient, and I cannot see why it is not equally so when the property is stated to be money. In either case, if the horse or money had been in view of or attainable by the sheriff, it would have been his duty to take it into his possession, and doubtless he would have done so.

Again; it is objected that this complaint does not show a sufficient execution of the attachment to reach the property claimed. The statement is that the plaintiff (the sheriff) made due service of the attachment by delivering to and leaving with the defendant a certified copy of the warrant, and *"a notice showing the property levied on."* This statement as to notice is in the words of the code, § 235, and I think sufficient on demurrer; although it would have been more specific if it had stated the terms of the notice, or that it mentioned the $300, as the property levied on.

The code, § 238, permits the prosecution, by the plaintiff in the attachment suit, of any actions which the sheriff is authorized to bring, upon such plaintiff giving to the sheriff proper indemnity, and we may presume this action is prose-

cuted under that section, and so answer the objection that the complaint does not show that the action is brought by or under direction of the court, if indeed it would be necessary in any case to state that the action is so brought.

After examining the provisions of the statutes, and the authorities to which I have been referred as containing principles supposed to be applicable to this case, I am satisfied that the complaint is sufficient. The plaintiff must have judgment on the demurrer, with leave to the defendant to answer in twenty days on payment of costs.

[New York Special Term, October 1, 1860. *Bonney,* Justice.]