### KELLY, sheriff &c., vs. BREUSING.

33b 123
48ad520

It is not necessary for a sheriff, suing as such, to set forth the time, manner and circumstances of his election or appointment, or the detail or regularity of the proceedings by which he was inducted into office.

The office of a complaint is not to set forth the evidence of facts, but facts themselves, and not always facts in detail.

An attachment carries with it complete protection and authority to the sheriff to do every act which, under it, he is by statute enjoined to perform.

If he has occasion to sue the party whose property is attached, he is not required either to plead, or to prove, his authority, beyond asserting and proving the attachment or execution by virtue of which he made the levy or attached the goods. Nor is he obliged to assert or prove anything more when he sues a party who has in his possession property of the defendant in the attachment, which he unjustly refuses to surrender.

As against the defendant in the attachment suit, or any party confessedly holding his property, a warrant of attachment is abundant authority to compel the delivery to the sheriff of the property, and to enforce the right by action, in case of a refusal to deliver.

And in an action by the sheriff against a person having in his possession property belonging to the defendant in the attachment suit, a general allegation that the plaintiff has title to the property in question by virtue of a levy thereon under an attachment against the property of the defendant therein, to whom the property in question belonged, is sufficient on demurrer.

Such suit need not be alleged to have been brought by the direction of the court or judge.

An allegation that the sheriff left with the defendant a "notice showing the property levied on," is sufficiently specific.

An allegation that the defendant in such suit brought by the sheriff has in his possession certain moneys, amounting to $300; which belong to the defendant in the attachment suit, is a sufficient description of the moneys.

APPEAL from an order overruling a demurrer to the complaint. See same case at special term, ante, vol. 32, p. 601, where the substance of the pleadings is given.

*H. D. Gardiner,* for the plaintiff.

*B. Roelker,* for the defendant.

*By the Court,* HOGEBOOM, J. The objection that the complaint does not show that the plaintiff has legal capacity to sue is untenable. It cannot be necessary, and certainly

never has been usual, to set forth the time, manner and circumstances of a sheriff's election or appointment, or the detail or regularity of the proceedings by which he was inducted into office. He sues as a public officer known to the law, and is obliged to be such *de jure* and *de facto*, and that is sufficient. His authority as an officer *de facto* is sufficient to protect all who deal with him in that capacity, and to entitle him to do all the acts and enforce all the rights which belong to the office, until he is displaced by a direct proceeding to oust him of his office.

The objection that the complaint does not state facts sufficient to constitute a cause of action is founded upon a similar misconception of the office of a complaint. It is not to set forth the evidence of facts, but facts themselves—and not always facts in detail. The plaintiff's right to sue in this case depends upon his being sheriff, and upon his having an attachment against the property of Schmidt. When he receives a warrant of attachment regular upon its face, he is authorized to execute it—indeed is bound to execute it, unless he has knowledge that it was issued in a case not authorized by law. He is not obliged to go and search the preliminary papers in order to ascertain whether the judge who issued it had jurisdiction to do so. He relies upon his process for his protection and his authority, and he has a right to do so. This process carries with it, I think, complete protection and authority for him to do every act, which under it, he is by statute enjoined to perform. He is therefore by it authorized to collect and receive into his possession all debts, credits and effects of the defendant in the attachment suit. (*Code*, § 232.) And he may by the same section institute legal proceedings to collect the same. If he had occasion to sue the party whose property is attached, it is quite clear that not only he would not be required to plead, but not to prove, his authority, beyond asserting and proving the attachment or execution by virtue of which he made the levy or attached the goods.

Kelly *v.* Breusing.

And when he sues a party who has in his possession prop-
erty of the defendant in the attachment which he unjustly re-
fuses to surrender he is not obliged to assert or prove anything
more.     The property, for the purpose of this argument,
must be conceded to be the property of the defendant in that
suit, to which the defendant in this has no title.    Perhaps a
different question may present itself on the trial, if the de-
fendant denies the facts in the complaint or sets up a superior
title.    That will be a question of evidence, and not of plead-
ing.    It may be, that as against a mere stranger, he may be
required to prove a title superior to that of the defendant in
that suit, and a complete authority to take that of the de-
fendant in the attachment suit.    But as against the defend-
ant in the attachment suit, or any party confessedly holding
his property, I am of opinion that the warrant of attach-
ment appearing to be regular on its face—and so it appears
to be by the allegations of the complaint—is abundant au-
thority to compel the delivery to him of the property and to
enforce the right by action in case of the refusal to deliver.
If the sheriff were suing in replevin or trover, it is plain that
he would not be required to do more than allege his owner-
ship of the property—special or general—and not even dis-
tinguishing whether it was special or general—and the
defendant's unlawful detention or conversion of the same.
And in this case I doubt whether a general allegation that
he had title to the property in question by virtue of a levy
thereon under an attachment out of the supreme court, duly
issued against the property of Schmidt, whose property the
money in question was, would be demurrable.

I agree therefore with the learned justice who decided this
case at special term, that the allegations of the complaint
in this respect are sufficient.

There is still less force in the suggestion that the suit
should be alleged to have been brought under the direction of
the court or judge.    I doubt whether positive and affirma-
tive direction of the court or judge is at all a necessary pre-

Kelly *v.* Breusing.

requisite to the commencement of the action under·§ 232. So far as the seizure of the property is concerned, the officer has the direct authority of the judge, in the attachment itself. And so far as the institution of legal proceedings is concerned, I think the approval of the court must be implied. If contained in the complaint it would not be an issuable allegation, but the remedy would be by motion to set aside the proceedings for the want of such authority.

The allegation that the sheriff left with the defendant a "notice showing the property levied on," is sufficiently specific. This does not necessarily mean that this was an exact or literal transcript of the phraseology of the notice, but of its substance and effect. In a pleading this is certainly good. Whether in evidence· it would be necessary to produce a notice describing more particularly the property, is a question that need not now be discussed.

So, also, the allegation that the defendant in this suit had in his possession certain moneys, amounting to $300, which belonged to the defendant in the attachment suit, is a sufficient description of the moneys. It is not necessary to allege *how* they belonged to the defendant, or how, if at all, they were secured. The allegation would be satisfied by proof of specific moneys held by this defendant for Schmidt, and probably by proof of a money indebtedness to that amount. The fact is sufficiently alleged. The details of the evidence will appear on the trial.

The judgment of the special term should be affirmed, with $10 costs.

[New York General Term, November 7, 1860. *Ingraham, Bonney* and *Hogeboom*, Justices.]