ALEXANDER V. DAVIDSON, as SHERIFF, ETC., PLAINTIFF, *v.* THE CHATHAM NATIONAL BANK OF NEW YORK, DEFENDANT.

*Attachment — duty of the sheriff to collect and hold demands attached — Code of Civil Procedure, secs.* 655, 675.

Where, under a warrant of attachment in an action, a demand due to the defendant from a third person has been attached, it is the right and the duty of the sheriff to forthwith bring an action to collect the said demand, without waiting for the determination of the action in which the attachment was issued, or for any order or direction from the court or judge.

Controversy submitted upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure.

On or about the 12th day of January, 1883, the plaintiff, as sheriff, received a warrant of attachment in an action entitled "John H. Inman and others against the Fourth National Bank of St. Louis," then pending in this court, by which he was required to attach (in the usual form) property of the defendant therein named to the amount of $5,000. He executed the said warrant of attachment by delivering a certified copy thereof to this defendant, at the same time demanding a certificate of the amount in which this defendant was indebted to the defendant named in the said warrant; and thereupon the said sheriff received from this defendant a cer-

tificate stating that it was indebted to the defendant therein named in the sum of $5,000. The said action of "Inman *et al.* against The Fourth National Bank" is still pending and undetermined. The plaintiff herein claims that he is entitled to have and receive from the defendant, by virtue of the said warrant, the said sum of $5,000, which this defendant admits to be due and owing from it to the said Fourth National Bank. And the defendant claims that until the termination of the action in which said warrant was issued, the sheriff is entitled to nothing more than a certificate, which has been delivered as aforesaid. The sole question submitted to the court in this case is whether the sheriff is entitled to require the Chatham National Bank to pay over to him the amount of its indebtedness to the defendant named in said warrant of attachment, before the action in which said warrant was issued shall have been determined.

*W. Bourke Cochrane,* for the plaintiff.

*Briesen & Steele,* for the defendant.

BRADY, J.:

There does not appear from the briefs submitted any serious contention between the parties to this controversy. As it is understood the chief objection to the right of the sheriff insisted upon is that the collection of debts by actions is made subject to the direction of the court or judge, by section 655 of the Code of Civil Procedure.

An examination of the provisions of the Code and some adjudications enable us to dispose of the question submitted. Section 649 provides for the manner in which the property of the debtor may be attached. And by subdivision three of that section it is declared that if the property consists of a demand other than as specified in subdivision two, a notice must be served showing the property attached, accompanied by a certified copy of the warrant of attachment. Section 648 proclaims the effect of the levy under the attachment. It is declared to be a levy upon a seizure, and an attachment of the debt represented by it. When, therefore, an attachment debtor is the creditor of another, a service upon such creditor in the manner indicated results in the levy upon the seizure of the demand; and when that is accomplished, under sec-

tion 655, it is declared that the sheriff must, subject to the directions of the court or judge, collect and receive such debt; the language of the section being, "must collect and receive all debts and effects and things in action attached by him." And the same section provides that he shall maintain any action or special proceeding, in his own name or the name of the defendant, which is necessary for that purpose. And it is also provided that he may discontinue such an action or special proceeding at such time and on such terms as the court or judge directs. Section 232 of the Code of Procedure contained the same provision in reference to the right of the sheriff to commence legal proceedings. It provided that the sheriff might also take such legal proceedings, either in his own name or the name of the defendant, as might be necessary, for the purpose of collecting and receiving into his possession all the debts, credits and effects of the defendant, subject to the direction of the court or judge, and might discontinue the same on such terms as the court or judge might direct.

The right to maintain such an action as this was decided in the case of *Kelly* v. *Breusing* (32 Barb., 601) which was on argument affirmed in this department at a General Term. (See report of case in 33 Barb., 123.) And it was further adjudicated in that case, that it was not necessary to allege in the complaint that the action had been brought by the direction of the court or judge. The court said: "I doubt whether positive and affirmative direction of the court or judge is at all a necessary prerequisite to the commencement of the action under section 232." And again: "And so far as the institution of legal proceedings is concerned, I think the approval of the court must be implied. If contained in the complaint it would not be an issuable allegation, but the remedy would be by motion to set aside the proceedings for want of such authority."

The learned counsel for the defendant seems to assume that section 675 controls the right of the sheriff to proceed by action to collect outstanding debts due to the attachment debtor. This view cannot be maintained. That section provides simply that the court, on the application of either party, may direct the sheriff to pay into court the proceeds of a demand collected or property sold. It undoubtedly recognizes, by implication, the right of the sheriff to

collect a demand, and for the obvious reason that it invests the court with power to direct that the amount or proceeds of such collection should be deposited in a designated bank or trust company, to be drawn out only on the order of the court. Upon these authorities and these sections of the statute, it is quite evident that the sheriff's right to maintain such an action as this is clear.

It may be added, as he is invested by virtue of his seizure under the attachment with the custody of the property attached, and required to collect such of it as exists in demands, he may incur a serious responsibility, if, failing to collect the ability of the debtor to pay *ad interim* by one of the numerous incidents of commercial or business life, be destroyed.

The language of section 655, which should not be overlooked, is that the sheriff *must*, subject to the direction of the court or judge, collect and receive all debts, effects and things in action attached by him. It is undoubtedly a better, safer and wiser course, except in special cases over which the court has control, as we have seen, by proper motion for that purpose, for the sheriff to proceed at once to gather in all the assets of the debtor covered by his process which he has undertaken to execute.

For these reasons, the question submitted being answered in the affirmative, the plaintiff is entitled to judgment against the defendant for $5,000, but, according to the stipulation, without costs.

DAVIS, P. J. and DANIELS, J., concurred.

Ordered accordingly.